**Oscar MORALES, Petitioner-Appellant,**

v.

**Anthony HEDGPETH, Warden, Respondent-Appellee.**

**No. 16-16537**

United States Court of Appeals, Ninth Circuit.

Submitted October 11, 2017 * San Francisco, California

Filed November 6, 2017

Heather E. Williams, Federal Public Defender, FPDCA—Federal Public Defender's Office (Sacramento), Sacramento, CA, for Petitioner-Appellant

Galen Neale Farris, Clara Maben Levers, Esquire, Deputy Assistant Attorney General, AGCA-Office of the California Attorney General, Sacramento, CA, for Respondent-Appellee

Before: THOMAS, Chief Judge, and REINHARDT and O'MALLEY,** Circuit Judges.

**MEMORANDUM ***

1. The California Court of Appeal's decision regarding the trial court's exclusion of hearsay statements made by a 911 caller was not contrary to or an unreasonable application of *Davis v. Washington,* 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). *Davis* held: "Statements are non-testimonial [for the purposes of the Confrontation Clause] when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." *Id.* at 822, 126 S.Ct. 2266. Here, the defense sought to introduce the 911 call, and thus there was no Confrontation Clause issue. *Davis* is inapposite.

2. The state court did not unreasonably determine the facts. For the reasons stated above, the state court did not need to

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** The Honorable Kathleen M. O'Malley, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

make findings regarding an "ongoing emergency" because the testimonial/non-testimonial distinction is only relevant to a Confrontation Clause analysis. Moreover, the state court did not need to determine the identity of the 911 caller to conclude that the caller's statements were inadmissible hearsay.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.